UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DENNIS L. MUNDEN and SHERRILYN L. MUNDEN, husband and wife; COYOTE CREEK RANCH, LLC, a Utah limited liability company,<br><br>  Plaintiffs,<br>v.<br><br>BANNOCK COUNTY, a political subdivision of the State of Idaho,<br><br>  Defendant. | Case No. 4:24-cv-00211-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Plaintiffs Dennis Munden, Sherrilyn Munden, and Coyote Creek Ranch, LLC's ("Plaintiffs") Motion to Continue. Dkt. 14. Plaintiffs are requesting a stay in the briefing schedule for Bannock County's Motion for Summary Judgment (Dkt. 13) to obtain additional discovery before responding to the Motion. Because oral argument would not significantly aid its decision-making process, the Court will decide the motion on the briefing. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). Upon consideration, and for the reasons below, the Motion to Continue is DENIED.

## II. BACKGROUND

On April 24, 2024, the instant lawsuit was initiated by Plaintiffs to settle a dispute over the ownership of South Garden Creek Road ("the Road"). The Road runs through Plaintiffs' property and is used by Plaintiffs as an agricultural access road. Dkt. 1, at 3. In

January 2019, Bannock County passed a county ordinance which prohibited motor vehicles from accessing the Road during winter months, which included Plaintiffs. *Id.* at 2. Plaintiffs allege the Road is their private property, and the implementation of the ordinance is a taking in violation of the Fifth Amendment. *Id.* Bannock County argues the Road is a public road that it has maintained for decades, so Plaintiffs have no claim to it. Dkt. 13-2, at 1–3.

Prior to the filing of the instant lawsuit, Plaintiffs filed a lawsuit against Bannock County in Idaho state court, which was dismissed as not being ripe for judicial review. The Idaho Supreme Court affirmed the decision because the legal status of the road had not yet been determined in accordance with Idaho Code §§ 40-203(1)(b) and 40-203(A)(1).[1] Dkt. 14-1, at 2–3; *Munden v. Bannock Cnty.*, 504 P.3d 354, 376 (Idaho 2022). After that decision, on October 13, 2023, Plaintiffs Dennis and Sherrilyn petitioned Bannock County Commissioners to determine the legal status of the Road. Dkt. 14-1, at 8–12.

Bannock County did not respond within 30 days to Plaintiffs' petition. Rather, the Commissioners held a hearing related to the petition on January 14, 2025, fifteen months after the petition was filed and nearly nine months after the instant lawsuit was filed with the Court. *Id.* at 4. On January 21, 2025, the Commissioners issued a written resolution that included findings of fact, and designated the Road as a public right-of-way, effectively declaring Bannock County as the rightful owners of the Road. Dkt. 13-3, at 45–46. Plaintiffs did not appeal the decision in accordance with Idaho Code § 40-208(2).

---

[1] Idaho Code § 40-208(7) requires a person seeking the determination of legal status of a highway or public right-of-way to first petition county commissioners for an initiation of validation or abandonment proceedings in accordance with the sections listed here. The person may only seek a determination of legal status by judicial means if the county commissioners fail to act within thirty (30) days of such a petition. Plaintiffs had not yet petitioned the county commissioners at the time of their Idaho state case.

MEMORANDUM DECISION AND ORDER - 2

Prior to the Bannock County Commissioners' hearing, Plaintiffs had conducted no discovery in the instant case. The discovery deadline is currently set for April 30, 2025, and a dispositive motion deadline for May 30, 2025. Dkt. 16, at 2. On March 6, 2025, Plaintiffs served their first set of discovery requests on Bannock County, which largely pertained to the hearing held in January. Dkt. 14-1, at 4. On March 13, 2025, Plaintiffs and Bannock County began discussions to schedule the deposition of Ralph Wheatley, the prior owner of Plaintiffs' property. *Id.* at 5. Finally, Bannock County filed its Motion for Summary Judgment (Dkt. 13) on March 14, 2025.

On March 27, 2025, Plaintiffs filed a Motion to Continue briefing on the Motion for Summary Judgment under Federal Rule of Civil Procedure 56, claiming they would be unable to effectively dispute the motion without the pending discovery being completed. Dkt. 14, at 1. The Court ordered expedited briefing on the Motion to Continue (Dkt. 15), and in the meantime, Bannock County provided responses to Plaintiffs' discovery requests on April 7, 2025. Additionally, Ralph Wheatley's deposition was scheduled for April 16, 2025. Dkt. 17, at 3. The Court must now determine whether briefing on the Motion for Summary Judgment should be put off any longer.

### III. LEGAL STANDARD

Under Federal Rule of Civil Procedure 56, a party may submit an affidavit showing that "it cannot present facts essential to justify its opposition" to a motion for summary judgment. Fed. R. Civ. P. 56(d). The court may "defer considering the motion [for summary judgment] or deny it" or "allow time to obtain affidavits or declarations or to take discovery." *Id.*

MEMORANDUM DECISION AND ORDER - 3

The party filing a motion under Rule 56(d) bears the burden of demonstrating that "(1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." *Family Home and Finance Center, Inc. v. Federal Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008) (cleaned up). "The purpose of Rule 56(d) is to prevent a nonmoving party from being 'railroaded' by a summary motion that is filed too soon after the start of a lawsuit for the nonmovant to properly oppose it without additional discovery." *Hollyway Cleaners & Laundry Company, Inc. v. Central National Insurance Company of Omaha, Inc.*, 219 F. Supp. 3d 996, 1003 (C.D. Cal. 2016) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986)).

## IV. DISCUSSION

At the outset, it is helpful to understand what Bannock County is arguing on summary judgment; it advances several theories. First, Bannock County claims the instant Court lacks subject matter jurisdiction over this case because "the determination of the status of the road is a state law issue," and without the question of ownership being resolved on the state level, "this Court lacks subject matter jurisdiction to issue a decision in this case and the matter should be dismissed."[2] Dkt. 13-2, at 5. Second, presumably in the alternative, Bannock County argues the Commissioners have now held validation

---

[2] In Plaintiffs' Reply to the instant Motion, they rebut such a contention by claiming, " . . . regardless of whether the road is a public road, a public right-of-way, or a purely private road, the Mundens as adjacent property owners had a right of access to the road that needs to be justly compensated if taken." Dkt. 17, at 6. The Court will properly address Bannock County's subject matter jurisdiction argument in its decision on the Motion for Summary Judgment. Here, the argument is only pertinent insofar as it would be proper to continue the briefing on the Motion for Summary Judgment in order for Plaintiffs to contest such an assertion.

proceedings which conclusively established the Road is a public road, and this Court lacks the ability to overturn such findings. Third, even aside from the Commissioners' findings, Bannock County claims the facts show the Road is a public road and thus, out of the Mundens' reach. Less pertinent to the instant Motion, Bannock County also claims Plaintiffs failed to name all indispensable parties and failed to comply with Federal Rule of Civil Procedure 5.1's notice and certification requirements.

As discussed above, Plaintiffs now seek a continuance "to allow the Mundens to complete pending discovery on the issues raised by Bannock, which are based upon recent developments . . . ." Dkt. 14-2, at 2. In particular, Plaintiffs are seeking answers to discovery requests "which largely pertain to the process and substance of matters considered by the Bannock Commissioners at the January 14, 2025, validation hearing." *Id.* at 6. Plaintiffs also want to depose Ralph Wheatley, the prior owner of the Plaintiffs' property who "has several decades of knowledge regarding the historical use and maintenance of the road through Mundens' property." *Id.*

The Court presumes Plaintiffs would use the discovery it seeks to respond to Bannock County's arguments that the January 14, 2025, hearing conclusively established the Road is a public one and to further claim the Road is in fact a private one. The Court makes this presumption because Bannock County's arguments on subject matter jurisdiction, indispensable parties, and F.R.C.P. 5.1 requirements are all legal questions, and the facts sought by Plaintiffs would likely not bolster their responses to those arguments. The Court will thus limit its analysis accordingly.

MEMORANDUM DECISION AND ORDER - 5

### A. Specific Facts and Whether They Exist

In Plaintiffs' counsel's affidavit, he provides limited explanation of what specific facts he hopes to elicit from the pending discovery requests. He does mention, as noted above, the questions Plaintiffs asked in their discovery requests "pertain to the process and substance of matters considered by the Bannock Commissioners" and also that Wheatley has "several decades of knowledge regarding the historical use and maintenance of the road through Mundens' property." Dkt. 14-1, at 4–5. He goes on to claim Plaintiffs anticipate the discovery requests will "yield sufficient evidence to refute the claims made by Bannock in its MSJ," and "also anticipate information and admissions learned from this discovery will likely support summary judgment for liability on several of the Mundens' claims against Bannock." *Id.* at 5.

The Court does not doubt the existence of Wheatley's knowledge as to the historical use and maintenance of the Road. As a previous owner of the land for a significant amount of time, it would follow he would have some knowledge of how the Road was used and cared for. The Court also acknowledges, based on the formal requirements required by statute pertaining to the January 14, 2025, hearing that there is documentation as to how those proceedings were conducted and what information was considered. In fact, Bannock County's already-provided responses to the discovery requests indeed show that the facts Plaintiffs were seeking do exist.

On the other hand, Plaintiffs' very vague descriptions of facts being sought are not specific enough to justify granting the continuance. If Plaintiffs had gone one step further and explained what they expected to find about the process and substance of the Bannock

MEMORANDUM DECISION AND ORDER - 6

County's Commissioners considerations pertaining to the hearing that would help them more adequately respond to a specific argument in the Defendant's Motion for Summary Judgment, that likely would have been enough. Similarly, Plaintiffs should have provided some indication of what they expected to hear from Wheatley about the historical use and maintenance of the Road that would help them combat the arguments in the Motion for Summary Judgment. Simply setting forth the "anticipation" that relevant facts will be discovered that will hopefully be helpful in responding to a motion is not enough to justify continuance of the briefing on said motion. If it were sufficient, every individual would be able to continue the briefing on a motion for summary judgment by simply claiming they might be able to find additional helpful information to make for a better response, which would certainly not promote judicial economy.

Because Plaintiffs did not provide evidence of specific facts they expect to elicit from further discovery, the Motion to Continue is DENIED.

### B. Facts Essential to Oppose Summary Judgment

Even if Plaintiffs' vague descriptions had been enough, the discovery they are seeking is not essential to opposing the Motion for Summary Judgment. As noted above, the evidence being sought is quite narrow: the answers to interrogatories pertaining to the January 14, 2025, hearing, and a deposition of a prior owner of the land. Such evidence would only realistically be helpful to combatting Bannock County's assertions that the January 14, 2025, hearing and resulting findings precludes Plaintiffs' success in this case and that the evidence shows the Road is a public one.

The Court first considers whether Plaintiffs could have combatted these two

MEMORANDUM DECISION AND ORDER - 7

assertions without the discovery they now seek. Turning first to Bannock County's arguments about the potentially preclusive effect of the January 14, 2025, hearing, Plaintiffs really make two arguments as part of their Motion to Continue which conflict with each other. First, Plaintiffs argue they are not bound by the requirements of Idaho Code § 40-208(7) because Bannock County failed to initiate proceedings within 30 days of Plaintiffs serving the petition for such proceedings.[3] Dkt. 17, at 3–4. On the other hand, Plaintiffs indicate they need more information on how those proceedings were conducted to effectively combat the Motion for Summary Judgment. However, Plaintiffs can either argue Idaho Code § 40-208(7) does not apply in this instance because of Bannock County's failure to respond in a timely manner, or they can argue the proceedings were deficient and evidence of such would be found in the pending discovery requests. It is true that Plaintiffs could argue both in the alternative, but the first argument can be effectively made without any further discovery. Therefore, answers to the discovery requests are not essential to oppose Bannock County's Motion, and a continuance should not be granted.

Turning next to whether Plaintiffs could have effectively asserted the Road is a private one without the help of the discovery requests and the deposition, the call is much closer. The Court, however, returns to the standard set forth in *Holleyway*. The whole purpose of Rule 56(d) is to prevent parties from being "railroaded" by an early motion for

---

[3] The Court will address the implications of Idaho Code § 40-208(7) and the timing of when Bannock County held the hearing as part of its decision on Bannock County's Motion for Summary Judgment. For the Court's purposes here, it is only relevant in that Plaintiffs *could have* combatted the Motion for Summary Judgment by arguing, as it did in the Motion to Continue, that Idaho Code § 40-208(7), with its implication on the status of the road, jurisdiction, and appeal, would only apply if Bannock County replied within a timely manner, which it did not.

MEMORANDUM DECISION AND ORDER - 8

summary judgment such that they have no reasonable opportunity to respond due to a lack of opportunity for discovery. Plaintiffs repeatedly asserted as part of their briefing that Bannock County was attempting to do just that. In particular, Plaintiffs point out that the hearing which Bannock County relies on in their Motion only took place two months before they filed their Motion,[4] and the Motion came shortly after Plaintiffs began discovery.

The Court sees one fatal flaw in this argument—Plaintiffs have had many months to conduct discovery and have simply not taken advantage of the opportunity. A scheduling order was put into place on August 15, 2024. It was at that time that a discovery deadline was set for April 30, 2025. In other words, Plaintiffs had seven months to conduct discovery, knowing the applicable deadlines, before they chose to do so. This is not a case of one party filing a hasty motion for summary judgment when neither party has truly had the opportunity to conduct discovery, thus "railroading" the other side. Any shortcomings in opportunities to conduct discovery have been caused by Plaintiffs themselves.[5]

Due to the lack of formal discovery in this case, the Court is unsure how prepared Plaintiffs are to provide evidence that the Road is their private property, or to otherwise

---

[4] The Court would like to once again emphasize that, even if Plaintiffs needed more time to conduct discovery in order to make the effective argument that the hearing held on January 14 was procedurally or substantively lacking, Plaintiffs could have still argued the hearing was untimely without any further fact discovery. Thus, this discovery is not essential to oppose the Motion for Summary Judgment. And even if it were, Plaintiffs did not attempt to conduct any discovery related to the hearing until March 6, 2025, nearly two months *after* the hearing took place. Bannock County promptly responded to those requests on April 7, 2025, only about a month later. Meaning, had Plaintiffs attempted to conduct discovery promptly after the hearing took place, they could have had information as early as February, a month before the Motion for Summary Judgment was filed.

[5] Plaintiffs do not now argue, but any concern that discovery could not begin until *after* the hearing is unavailing because while some of the discovery is related to the hearing, much is not. Plaintiffs could have engaged on that discovery months ago and then dealt with the hearing when it arose.

MEMORANDUM DECISION AND ORDER - 9

combat Bannock County's arguments on summary judgment. To be sure, the evidence they are seeking in discovery seems to be relevant and would likely help them combat Bannock County's arguments. However, there has not been a showing by Plaintiffs that the pending discovery will be essential to their opposition, and even if they had, their lack of evidence is once again traced back to their failure to conduct discovery earlier in this case. Thus, a continuance would be improper, and the Motion is DENIED on this ground as well.

While the Court is denying Plaintiffs' Motion to Continue, the inevitable reality of the filing of the Motion along with the subsequent briefing and time it takes the Court to consider the submissions is that Plaintiffs have received a continuance. However, any further delay would be improper. Also, the discovery which Plaintiff was seeking as justification for the continuance has now been provided. Thus, Plaintiffs have twenty-one days from the filing of this Order to file a Response to Bannock County's Motion for Summary Judgment. Bannock County will then have fourteen days from the filing of that Response to Reply.

## V. CONCLUSION

Plaintiffs have failed to set forth specific facts that they are seeking from further discovery that would be essential to oppose Bannock County's Motion for Summary Judgment. Additionally, the discovery that Plaintiffs are seeking has already been obtained. Accordingly, the Motion to Continue is DENIED.

## VI. ORDER

**IT IS HEREBY ORDERED**:

1. Plaintiffs' Motion to Continue (Dkt. 14) is **DENIED**.

MEMORANDUM DECISION AND ORDER - 10

a. Plaintiffs have twenty-one (21) days from the date of this Order to file a Response to Bannock County's Motion for Summary Judgment (Dkt. 13).

b. Bannock County will have fourteen (14) days from the filing of Plaintiffs Response to file its Reply.

DATED: April 24, 2025

David C. Nye
Chief U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 11