UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DENNIS L. MUNDEN and SHERRILYN L. MUNDEN, husband and wife, COYOTE CREEK RANCH, LLC, a Utah limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>BANNOCK COUNTY, a political subdivision of the State of Idaho,<br><br>Defendant. | Case No. 4:24-cv-00211-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Defendant Bannock County's Motion for Summary Judgment. Dkt. 13. The County seeks summary judgment on Plaintiffs Dennis and Sherrilyn Munden and Coyote Creek Ranch's ("the Mundens") claims for declaratory relief, injunctive relief, and violation of constitutional rights. *See generally id*.

The Court held a hearing on November 24, 2025, and took the Motion under advisement. Dkt. 27. Upon review, and for the reasons set forth below, the County's Motion is GRATED in PART and DENIED in PART. In sum, the Court declares the Road is a public right-of-way and not a public road or a private road.

## II. BACKGROUND

### A. Procedural

On April 24, 2024, this lawsuit was initiated by the Mundens to settle a dispute over the ownership of Garden Creek Road ("the Road"). The Road runs through the Mundens' property for about 3.4 miles and they use it as an agricultural access road. Dkt. 1, at 3.

In January 2019, Bannock County passed a county ordinance, Ordinance 2019-01, which prohibited all motor vehicles, except snowmobiles and snow trail grooming equipment, from accessing the Road during winter months, at the direction of the County Public Works Director. *Id.* at 2.[1] This ordinance also authorized the County to place signs, construct snow berms, close gates, or otherwise barricade the road. *Id.* The Mundens allege the Road is their private property or a public roadway to which they have a right of access, and the implementation of Ordinance 2019-01 is a taking in violation of the Fifth Amendment. *Id.* The County argues the Road is a public road that it has maintained for decades, so the Mundens have no claim to it. Dkt. 13-2, at 1–3.

Prior to filing this lawsuit, the Mundens sued Bannock County in Idaho state court for a determination of the status of the Road. District Judge Robert Naftz dismissed the case for not being ripe for judicial review. Specifically, Judge Naftz concluded that because the Mundens' claims turned on a legal determination of the Road's status as a private agricultural road or public right-of-way, the Mundens were required by Idaho Code § 40-208(7) to "first petition for validation or abandonment proceedings with the Board of

[1] The actual Ordinance 2019-01 is at Dkt. 13-3, Ex. C. There was a prior Ordinance from 2006 that closed the road from December 15 to April 15 each winter.

County Commissioners before they could bring a lawsuit." *Munden v. Bannock Cnty.,* 504 P.3d 354, 359 (Idaho 2022). The Idaho Supreme Court affirmed Judge Naftz's decision because the legal status of the road had not yet been determined. The Mundens had failed to comply with Idaho Code § 40-208(7) by petitioning the County Commissioners before filing suit. *Id.* at 376. However, the Idaho Supreme Court expressly vacated the district court's order dismissing the case with prejudice and instructed the district court to dismiss the case without prejudice. *Id.* at 373. The Supreme Court also explicitly declined to address the Mundens' takings claims because they were raised for the first time on appeal.

After the Idaho Supreme Court's 2022 decision, on October 13, 2023, the Mundens petitioned the Bannock County Commissioners to determine the legal status of the Road. Dkt. 14-1, at 8–12. This is the very act the state court said had to be done before the matter was ripe for judicial review or determination. Bannock County did not respond within 30 days to the Mundens' petition. This gave the Mundens the right to file a lawsuit under Idaho Code § 40-208(7).[2] The Mundens filed this suit seeking declaratory relief (that the Road is their private property), injunctive relief (barring enforcement of Ordinance No. 2019-01), and damages (for the County's alleged taking of their property). The County answered the Complaint on June 12, 2024. Dkt. 4.

Seven months after filing an Answer in this case, on January 14, 2025, the County Commissioners held a public hearing. The minutes of the meeting state: "that today's validation hearing was initiated as doubt exists as to the legal establishment of the public

---

[2] Idaho Code § 40-208(7) states: ". . . If the commissioners having jurisdiction over the highway system do not initiate a proceeding in response to such a petition with thirty (30) days, the person may seek a determination by quiet title or other available judicial means."

right of way for Garden Creek Road. Any decision would clarify if the road is private or public." Dkt. 13-3, at Ex. D, ¶ 11. This hearing was some fifteen months after the Mundens' petition was filed and nearly nine months after this lawsuit was filed. *Id.* at 4. The Mundens testified at the hearing. One week after the hearing, the Commissioners issued a written resolution (Resolution No. 2025-08) that included findings of fact and designated the Road as a public right-of-way. Dkt. 13-3, at 45–46. The Mundens did not appeal the Commissioners' decision.

Once the County held its hearing and issued a written resolution, it then filed a Motion for Summary Judgment in this case on March 14, 2025. Dkt. 13. The County argues, in part, that the case must be dismissed because the County Commissioners have conclusively established that the Road is a public road, and has been since at least 1963. Dkt. 13-2, at 2–3. Of course, the first problem with this argument is that the public hearing did not occur within 30 days of the Mundens' petition for a hearing and the Mundens filed their lawsuit after the 30 days but before the County belatedly held its public hearing. The second problem with this argument is that Resolution No. 2025-08 never declares the Road a public road. It merely concludes it is a public right-of-way. Specifically, it states:

> **NOW, THEREFORE, BE IT RESOLVED,** based upon the foregoing Findings of Fact and Conclusions of Law, pursuant to Idaho Code Title 40, Chapter 2, that Garden Creek Road is validated as a public right-of-way.

Dkt. 13-3, Ex. E.[3] A public road and a public right-of-way are not the same thing, as will be explained below.

[3] The Court notes that if it were reviewing the 2025 Resolution after an objection or appeal by the Mundens, there are several Idaho cases that address that situation. *See, e.g., Homestead Farms, Inc. v. Bd. Of Comm'rs*
(Continued)

**B. Factual**

Plaintiffs Dennis and Sherrilyn Munden are a married couple. In 2012, they purchased a ranch in Bannock County, Idaho, which they operate through co-plaintiff, Coyote Creek Ranch, LLC. In 2014, they purchased adjoining property and expanded their ranch. The Mundens access their ranch via a gravel or dirt road. The Mundens call the road the "Munden Road" or "South Garden Creek Road." The County calls it "Garden Creek Road" or "Upper Garden Creek Road." The Court will simply refer to it as "the Road."

The Road traverses both the 2012 property and the 2014 property. It begins at Arimo Road and extends northwest about 3.4 miles through the Mundens' property. Dkt. 1, at 2, § 8. It then continues north until it ends at Mercer Creek Trial in Power County, miles from where it started.[4] *See* Dkt. 13-3, at 36 (map and legend with milage scale).

The County began maintaining the Road in the 1940s and has spent over $586,000 on the Road in the last 20 years.[5] See Dkt. 22-4. The Road appears on the County Roads Maps beginning in 1958.

In 2006, six years prior to the Mundens' purchase of the ranch, the County designated the "Scout Mountain Loop snowmobile trail," which expressly included the South Fork of Mink Road, Box Canyon Road, Upper Garden Creek roads, and Scout

---

*of Teton Cnty.,* 119 P.3d 630 (Idaho 2005); *Flying A Ranch, Inc. v. County Commissioners of Fremont County,* 342 P.3d 649 (Idaho 2014); *Richel Family Trust by Sheldon v. Worley Highway District,* 468 P.3d 775 (Idaho 2020). However, the Mundens did not appeal the 2025 Ordinance. They filed a Complaint requiring de novo review by this Court.

[4] Some of the Affidavits submitted by Plaintiffs say that the Road is about 8 miles long. The map's scale suggests it is almost five times that length. This is not a material issue of fact since the only portion of the Road in dispute is that portion that traverses the Mundens' property.

[5] It is unclear whether this money was spent maintaining the entire length of the Road or just the portion that traverses the Mundens' property.

Mountain Top road.[6] *See* Bannock County Ordinance No. 2006-1 at Dkt 13-3, Ex. A. The Scout Mountain Loop snowmobile trial was closed to vehicles, except snowmobiles and snow trail grooming equipment, from December 15 to April 15 each winter. Ordinance No. 2006-01 does not designate whether the Scout Mountain Loop trail is a public road, public right-of-way, or private road.

Interestingly, Garden Creek Road does not attach directly to the rest of the "Scout Mountain Loop." Instead, it attaches to Mercer Creek Trail, in Power County, which then attaches to South Fork Mink Creek Road. *Id.* To clarify, Garden Creek Road sits entirely in Bannock County but ends at the Bannock County/Power County line where it connects to Mercer Creek Trail. Mercer Creek Trail sits entirely in Power County and runs north to Scout Mountain Top Trial, which sits entirely in Bannock County.

The Mundens purchased their property subject to all easements "apparent or of record" in 2012. They admit they were aware the County performed maintenance on the Road but deny they were aware of Ordinance No. 2006-1. Their predecessor in interest also denies any awareness of that Ordinance. The Mundens further claim that between 2016 and 2017, at their request, the County plowed the Road during the winter period prohibited by Ordinance No. 2006-1.

In 2019, the County amended Ordinance No. 2006-1. This amendment eliminated the strict December-to-April closure schedule. The amended Ordinance empowered the

[6] There is no South Fork of Mink Road; however, there is a South Fork of Mink Creek Trail. *See,* Dkt 13-3 at 36. There also is no Upper Garden Creek Road or Lower Garden Creek Road; however, there is a Garden Creek Road. *Id.* Affidavits filed by the parties clarify that Garden Creek Road from Arimo Road to Mercer Creek Trail is the road at issue in this case.

County's Public Works Director to set road closure dates. *See* Ordinance No. 2019-01 at Dkt. 13-3, 33–35. This amended Ordinance contains the same definition of the Scout Mountain Loop snowmobile trail as the 2006 Ordinance, including South Fork of Mink road, Box Canyon road, Upper Garden Creek roads, and Scout Mountain Top road.

## III. LEGAL STANDARD

Summary Judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court's role at summary judgment is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Zetwick v. Cnty. of Yolo*, 850 F.3d 436, 441 (9th Cir. 2017) (citation modified). In considering a motion for summary judgment, the Court must "view[] the facts in the non-moving party's favor." *Id.*

To defeat a motion for summary judgment, the respondent need only present evidence upon which "a reasonable juror drawing all inferences in favor of the respondent could return a verdict in [his or her] favor." *Id.* (citation modified). Accordingly, the Court must enter summary judgment if a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The respondent cannot simply rely on an unsworn affidavit or the pleadings to defeat a motion for summary judgment; rather the respondent must set forth the "specific facts," supported by evidence, with "reasonable particularity" that precludes summary judgment. *Far Out Productions, Inc. v. Oskar*, 247 F.3d 986, 997 (9th Cir. 2001).

In limited circumstances, a district court may grant summary judgment to the nonmoving party under Rule 56(f) of the Federal Rules of Civil Procedure. *Gonzales v. CarMax Auto Superstores, LLC,* 840 F.3d 644, 654-55 (9th Cir. 2016); *Flores v. Anguino,* 2023 WL 7164566 at *3 (D. Idaho 2023).

The problem with this case, as far as a legal standard is concerned, is the implications of Idaho Code Section 40-208(7) and the timing of when Bannock County held its hearing and how, or if, those implications impact this case. Is this Court addressing an appeal of the Commissioners' finding that the Road is a public right-of-way or is this Court addressing de novo the issue of whether the Road is a public road, public right-of-way, or private road? There are different paths of review depending on how this question is answered.

If the Court is merely addressing an appeal of the Commissioners' finding that the Road is a public right-of-way, then Idaho Code Section 40-208(1) states this Court engages in judicial review of the Commissioners' decision. No jury is allowed for this review, and the Court reviews the decision for abuse of discretion. Idaho Code § 40-208(6). If, however, the Court is addressing the issue de novo, then it treats the matter as a declaratory judgment action. *See, Nemeth v. Shoshone County,* 453 P.3d 844, 853 (Idaho 2019).

Here, the Court intends to address the issue de novo as discussed below.

## IV. DISCUSSION

Procedurally, this case is a bit of a quagmire. The Mundens have been told by two state courts (a district court and the Idaho Supreme Court) that they could not bring a lawsuit until they had filed a petition with the County Commissioners. So, they did that.

Idaho Code Section 40-208(7) says if the Commissioners fail to act on the petition within 30 days, the petitioners can file a lawsuit. The Commissioners did not act timely. So the Mundens filed a lawsuit. Only then, while the lawsuit was pending, did the County Commissioners hold a hearing. The Mundens' petition is in this record. Dkt. 14-1, Ex. A. The County Commissioners did not state whether their hearing was a result of that petition or simply a stand-alone hearing. The Court, exercising its discretion, will not consider the post-Complaint Resolution 2025-08 at Dkt. 13-3, Ex. E. To do so would be akin to considering a change in law that occurred after the filing of a Complaint. Once the County failed to timely respond to the Mundens' Petition and the Munden's exercised their right to file a lawsuit, the County waived the right to hold an administrative hearing.

**A. Ripeness**

The County begins its summary judgment argument by claiming this Court lacks subject matter jurisdiction over the case. Basically, it claims the determination of the status of Garden Creek Road is a matter of state law and not federal law and that until that determination is made, the Mundens' federal takings claims are not ripe. This cannot be true because Idaho Code Section 40-208(7) explicitly states the County Commissioners' failure to act on the Petitioner's Petition within 30 days gives the Petitioner the right to file a lawsuit. The County cannot abdicate its responsibility to timely hear a petition and then use that abdication to argue the lawsuit authorized by the statute is not ripe.

The statute unambiguously establishes two steps for a person who is seeking a determination of whether a road is public or private. First, the person must file a petition with the County Commissioners. Second, if the Commissioners fail to act within 30 days,

the person may file a lawsuit. The Mundens acted properly in filing this suit. The statute does not limit the judicial forum to state courts. So long as the Mundens have a basis for suing in federal court, they had the right to do so.

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994). There are two primary categories of cases over which federal courts have jurisdiction: (1) "federal question" cases; and (2) "diversity of citizenship" cases. A federal question case involves the U.S. Constitution or a federal law or treaty. *See* 28 U.S.C. § 1331. A diversity of citizenship case involves citizens of different states where the amount in question is more than $75,000. *See* 28 U.S.C. § 1332(a)(1).

The Mundens allege this is both a diversity case and a federal question case. *See* Dkt. 1, at ¶¶ 4,5. The County, in its Answer, denied that this is a federal question case but claimed it was without information sufficient to admit or deny whether this is a diversity case. Dkt. 4, at ¶¶ 4,5. This Court can rule on the Munden's claim of violation of constitutional rights (Count III) which is a federal question. This Court also has the ability, in a diversity case, to apply state law to issues properly before it. That is the whole premise of diversity. *See Feldman v. Allstate Insurance Company,* 322 F.3d 660, 666 (9th Cir. 2003) ("Pursuant to *Erie* and its progeny, federal courts sitting in diversity apply state substantive law and federal procedural law."). The Mundens are residents of Utah. Coyote Creek Ranch, LLC, is a Utah LLC. Bannock County is an Idaho governmental entity. The Mundens have alleged that their damages exceed $75,000. Dkt. 1 ¶ 4. There is diversity.

This case is ripe and is properly before this Court. Bannock County's first argument for summary judgment is denied.

**B. Public Road**

The County's second argument for summary judgment is that the undisputed evidence shows Garden Creek Road is a public road. The County relies on Resolution 2025-08 for that argument. The Court will not consider that resolution for the reasons discussed above. Instead, the Court will look at Resolution 2006-1 and Resolution 2019-08.

First, however, the Court must look at Idaho caselaw and statutes that address roads. The Idaho Supreme Court has explained the difference between a public highway and a public right-of-way:

> A public highway is defined as 'all highways open to public use within the state, whether maintained by the state or any county, highway district, city, or other political subdivision.' I.C. § 40-117(7). In contrast, a public right-of-way is defined as 'a right-of-way open to the public and under the jurisdiction of a public highway agency, where the public highway agency has no obligation to construct or maintain' the public right-of-way. I.C. § 40-117(9).

*Hill v. Blaine Cnty.*, 550 P.3d 264, 273 (Idaho 2024).[7] Importantly, Idaho Code Section 40-117 states that a right-of-way can exist where the public highway agency has no obligation to maintain the public right-of-way but may expend funds for the maintenance of that right-of-way. Thus, the fact that the County expended funds to maintain Garden Creek Road is not determinative of the status of the road.

Neither the 2006 Ordinance or the 2019 Ordinance identify Garden Creek Road as either a public road or a private road. They simply identify Upper Garden Creek Road as

[7] This statute was amended in 2026. The enumerated subsections no longer correspond to those referenced by the Idaho Supreme Court in 2024. However, the language cited by the Supreme Court remains the same.

part of the Scout Mountain Loop snowmobile trail. Even the post-Complaint Ordinance 2025-08 does not identify the Road as a public or private road.

The 2006 Resolution states that it applies to "Scout Mountain Loop snowmobile trial (including South Fork of Mink Road, Box Canyon Road, Upper Garden Creek roads, Scout Mountain Top road)." Dkt. 13-3, at 4.

The 2019 Resolution also states that it applies to "Scout Mountain Loop snowmobile trail (including South Fork of Mink Road, Box Canyon road, Upper Garden Creek roads, Scout Mountain Top road)." *Id*. at 33. However, this Resolution also included an attached map. That map shows Garden Creek Road is not connected to the other roads that make up the Scout Mountain Loop. Instead, Garden Creek Road connects to Mercer Creek Trail (in Power County), which then connects to Scout Mountain Top Trial. *See id*. at 36.

In State Court, the County argued the Road was a "public right-of-way" with no winter maintenance." *See Munden,* 504 P.3d at 359. The Mundens argued the Road is a private agricultural road. The Idaho Supreme declined to resolve this dispute because the Mundens had not yet complied with Idaho Code Section 40-208(7). The Mundens have now complied with Section 40-208(7), so this Court can decide this dispute.

By operation of law, all roadways which are used as highways by the public for five years and which are maintained at public expense are public rights-of-ways. Idaho Code §§ 40-109(5), 40-202(3). Regarding public use, "[t]he primary factual questions are the frequency, nature and quality of the public's use and maintenance. The public must use the road regularly, and the use must be more than only casual or desultory." *Ada Cnty. Highway*

*Dist. v. Total Success Invs., LLC* (*Total Success I*), 179 P.3d 323, 328 (2008) (citation modified). While that burden may seem significant, permissive use, use by adjoining landowners, and use by adjoining landowners' social quests qualifies as "public use." *Id.* at 331 (use by adjoining landowners); *Marshall v. Blair*, 946 P.2d 975, 980 (Idaho 1997) (use by adjoining landowners' social guests); *East Side Highway Dist. v. Delavan*, 470 P.3d 1134, 1149 (Idaho 2019) (permissive use).

Here, the facts indicate the Road has been used regularly since the mid-20th century by the Road's adjoining landowners for domestic purposes. Dkts. 13-1, at 2; 21-3, at 4 (noting minimal maintenance occurred to guarantee access to private property owners). This meets the public use prong.

Also, the maintenance element does not require the County to show maintenance every year or over every portion of the Road. Instead, "[m]aintenance need only be work and repairs that are reasonably necessary; it is not necessary maintenance be performed in each of the five consecutive years or through the entire length of the road." *Total Success I*, 179 P.3d at 328. Here, the undisputed testimony of the Mundens' predecessor in interest indicates the County has engaged in as-appropriate maintenance since the mid-20th century. Dkt. 21-3, at 5–6. It is also undisputed the County did not conduct winter maintenance due to harm plowing would do to the gravel surface. Dkt. 21-3, at 6.

After reviewing all of the evidence presented in this matter, the Court concludes the Road that traverses the Mundens' property is a public right-of-way and not a public road or private road. This is consistent with the County's own argument in Idaho state court and with the factual history in the record.

The Mundens purchased their property subject to easements apparent or of record. The Mundens knew or should have known that the Road was a public right-of-way. Since they listed the Road as a public road on a building permit in 2013, Dkt. 13-3, at 8–11, and because their predecessor in interest testified at his deposition that he told the Mundens the Road was public, Dkt. 22, at 3, the Mundens were likely on actual notice of the right-of-way's existence despite their later objection. Thus, the Mundens were not deprived of any interest they purchased and recognition of the Road's public right-of-way status was not a taking for which the Mundens must be compensated. *See Halvorson v. N. Latah Cnty. Highway Dist.*, 254 P.3d 497, 505–06 (Idaho 2011).

Pursuant to Idaho Code Section 40-117, a right-of-way can exist where the public highway agency has no obligation to maintain the public right-of-way but may expend funds for the maintenance of that right-of-way. Thus, the County has no obligation to plow the Road during the winter or even to expend funds to maintain the public right-of-way. It can do so, if it chooses, but it is not obligated to do so. However, it also cannot barricade the Road during winter months. At the same time, the Mundens do not have authority to barricade or block the Road either.

At one point, the Mundens argued the road that traverses their property is not the road or roadway identified in either the 2006 Ordinance or the 2019 Ordinance because the road over their property is "S. Garden Creek Road" and the two ordinances govern "Upper Garden Creek Road." However, the evidence makes it clear the ordinances refer to the road that traverses the Mundens' property. For example, Bobbette Williams declared that Garden Creek Road begins at West Arimo Road and ends at Mercer Creek Road. Dkt. 22-

1, at ¶ 2. Ken Bullock also declared that Garden Creek Road begins at West Arimo Road and runs to Mercer Creek Road. He is a County Commissioner. Dkt. 22-2, at ¶¶ 2–3. The Mundens' Statement of Facts in Opposition to Summary Judgment states that "Munden's declaration and the illustration attached as 'Exhibit A' at times refers to the portion of 'Garden Creek Road' as 'South Garden Creek Road.' However, the entire road has historically been referred to as 'Garden Creek Road' until recently when Bannock identified it as 'South Garden Creek' on some of its maps." Dkt. 21-3, at ¶ 4 n.1. Thus, there is no factual dispute that the Road is the roadway identified in the 2006 and 2019 Ordinances.

The Court determines, as a matter of law, that the Road is a public right-of-way and not a public road or private road. Bannock County cannot barricade it, but also need not maintain it during the winter months. There is no taking because the status of the Road has not changed during the time that the Mundens owned their property. There is no right to injunctive relief because the County cannot preclude the Mundens access to their property over this right-of-way.

## V. CONCLUSION

There are no factual disputes in the record so this Court can make a ruling at this stage of the proceedings. Consistent with the County's arguments in state court and the unambiguous language of the County's pertinent Ordinances, the Road at issue is a public right-of-way. The County does not have to maintain it during the winter months; however, it cannot close it to vehicle traffic.

This decision concludes this case. Count One of the Mundens' Complaint is concluded because the County has declared the Road is a public right-of-way and not a private road so no taking can occur. Count Two is concluded because injunctive relief, including a restraining order, is not necessary to prevent future harm. The County has no right to put up berms or otherwise close the right-of-way. However, it also has no need to maintain the road and can post signs informing the public that there is no winter maintenance. Count Three is concluded because the Mundens cannot incur damages for a public right-of-way. Their property has not been taken. If the County closes the road in the future, then the Mundens can bring a new lawsuit for the damages, if any, that they incur.

///

///

## VI. ORDER

**IT IS HEREBY ORDERED:**

1. Bannock County's Motion for Summary Judgment is GRANTED in PART and DENIED in PART as follows:
    a. The Court will not consider the 2025 Ordinance because it constitutes a change in law occurring after the Mundens filed this lawsuit;
    b. The undisputed evidence shows the Road is not a public road and not a private road but a public right-of-way;
    c. There can be no taking under federal law in this case;
    d. There is no need for any injunctive relief or damages.
2. There is no prevailing party.

3. In accordance with Federal Rule of Civil Procedure 58, the Court will enter a separate judgment.

DATED: September 22, 2026

David C. Nye
U.S. District Court Judge